UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COPRAGRI S.A.,
        Petitioner,

   -against-

AGRIBUSINESS UNITED DMCC,
        Respondent.
------------------------------------------------------------X

20 Civ. 5486 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, pursuant to the Court's Individual Rules, Petitioner filed a pre-motion letter in anticipation of a renewed motion to serve the Summons, Petition to Vacate Arbitration Award, Declaration of Patrick Lennon in Support of Petition to Vacate Arbitration Award and supporting exhibits, and Memorandum of Law in Support of Petition to Vacate Arbitration Award (collectively, the "Petition"), on Respondent by e-mail, pursuant to Federal Rule of Civil Procedure ("FRCP") 4(f)(3).  Dkt. No. 15.

  WHEREAS, on July 23, 2020, Petitioner attempted personal service of the Petition on Agribusiness in New York, through CT Corporation Services, which Petitioner believed to be the agent for service that Respondent last disclosed to the New York State Department of State.  *See* Dkt. No. 15 at 2.

  WHEREAS, Petitioner received a letter dated July 24, 2020, from CT Corporation Services, indicating that CT Corporation Services is no longer authorized to act for Respondent. *See Id.*

  WHEREAS, Petitioner attempted foreign service of the Petition on Respondent through the Clerk of Court, pursuant to FRCP 4(f)(2)(C)(ii), and the Clerk of Court, on August 20, 2020, mailed the Petition, via Federal Express, to (1) Agribusiness United DMCC Unit No. 2601, Saba 1, Plot No. E3 Jumeirah Lakes Towers, Dubai United Emirates (Dkt. No. 9), and (2) Agribusiness

United DMCC 6/F Unit 607 HDS Tower United Arabs Emirates (Dkt. No. 10).

WHEREAS, Respondent has use the e-mail addresses "abou@agribiz.ae," "oper@agribiz.ae," and "noreply@agribiz.ae," for communications with Petitioner. Dkt. No. 15 at 2.

WHEREAS, courts are afforded wide discretion in ordering service of process under FRCP 4(f)(3), "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3); *accord Berdeaux v. OneCoin Ltd.*, No. 19 Civ. 4074, 2020 WL 409633, at *1 (S.D.N.Y. Jan. 24, 2020); *Payne v. McGettigan's Mgmt. Servs.*, No. 19 Civ. 1517, 2019 WL 6647804, at *1 (S.D.N.Y. Nov. 19, 2019). Despite this discretion, courts must "ensure that the means of service comports with constitutional notions of due process." *Berdeaux*, 2020 WL 409633 at *1 (internal citations and quotations omitted). An order for alternative service complies with due process requirements when it "is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *accord Payne*, 2019 WL 6647804 at *1.

WHEREAS, the UAE is not a signatory to the Hague Convention, or any other international agreement that prohibits service by e-mail. Id. at *1; *Cerner Middle East Ltd. v. Al-Dhaheri*, No. Civ. 16-11984, 2017 WL 776409, at *8, n.2 (D. Mass. Feb. 28, 2017). It is hereby

**ORDERED** that, by **October 5, 2020**, Petitioner shall attempt to serve the Petition by e-mail to "abou@agribiz.ae," "oper@agribiz.ae," and "noreply@agribiz.ae." It is further

**ORDERED** that, by **October 19, 2020**, Petitioner shall file a status letter apprising the Court of whether it has received any responses -- including automatic or error responses -- to its e-mails.

Dated: October 1, 2020
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**