UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
COPRAGRI S.A.,                                               :
                                                             :
                                    Petitioner,              :   20 Civ. 5486 (LGS)
                                                             :
                 -against-                                   :   **OPINION AND ORDER**
                                                             :
AGRIBUSINESS UNITED DMCC,                                    :
                                                             :
                                    Respondent.              :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Petitioner Copragri S.A. ("Copragri"), pursuant to §10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, seeks to vacate an arbitration award that the Society of Maritime Arbitrators, Inc. ("SMA") issued on June 15, 2020, (the "Award"). Respondent Agribusiness United DMCC ("Agribusiness") did not appear in this action and did not oppose Copragri's Petition to Vacate Arbitration Award (the "Petition"). For the following reasons, the Petition is granted.

I.  **BACKGROUND**

The following undisputed facts are derived from the Petition, the memorandum of law in support of the Petition and the Declaration of Patrick F. Lennon and supporting exhibits.

Copragri is a citizen of Morocco that buys feed and grain. Agribusiness is a citizen of the United Arab Emirates that sells feed and grain. On August 5, 2013, the parties entered into two contracts: AUD 715 and AUD 716 for grain cargoes (collectively, the "Sales Agreements"). With respect to these transactions, the Sales Agreements are the only contracts between the parties. The Sales Agreements require Agribusiness to arrange for transportation of the goods by sea. They also contain a Grain and Free Trade Association ("GAFTA") arbitration provision

which incorporates by reference GAFTA Form 100 "Contract for Shipment of Feedingstuffs" and GAFTA Form 125 "Arbitration Rules" and states,

> GOVERNING CONTRACT:  ALL TERMS AND CONDITIONS NOT IN CONTRADICTION WITH THE ABOVE AS PER GAFTA 100.  ARBITRATION AS PER GAFTA 125, AS FAR AS APPLICABLE.  THIS CONTRACT IS GOVERNED BY ENGLISH LAW. . . WE THANK YOU FOR THIS BUSINESS AND KINDLY ASK YOU TO PROMPTLY SIGN AND RETURN A COPY OF THIS CONFIRMATION.  HOWEVER, THE VALIDITY OF THIS CONTRACT SHALL NOT BE AFFECTED BY THE NON-RETURN OF A SIGNED COPY.

Under GAFTA Arbitration Rules, the parties are required to commence arbitration of certain disputes "not later than one year after . . . the date of completion of final discharge of the ship at port of destination."

Pursuant to its obligations under the Sales Agreements, Agribusiness chartered a vessel (the "Vessel") from Vitosha Maritime, Ltd. ("Vitosha Maritime") to transport the grain cargoes from Darrow, Louisiana, to Jorf Lasfar, Morocco.  The Vessel's master issued bills of lading for the cargoes to Agribusiness.  Copragri was not a party to the bills of lading, the back of which included a provision calling for SMA arbitration in New York.

Vitosha Maritime presented a demurrage claim against Agribusiness for delays of the Vessel and other expenses at the discharge port in Morocco.  Around November 7, 2013, Agribusiness presented an indemnity claim to Copragri.  On September 7, 2019, approximately six years later, Agribusiness commenced SMA arbitration of this claim and appointed an SMA arbitrator.  Because Copragri did not appoint its own arbitrator within twenty days, Agribusiness appointed a second SMA arbitrator and the two arbitrators together, then appointed a third SMA arbitrator (collectively, the "Arbitrators").

Copragri objected to SMA arbitration by sending five e-mails to Agribusiness and/or one or more of the Arbitrators. On October 25, 2019, Copragri sent an e-mail to Agribusiness stating,

> Contrary to the Arbitration Demand, the governing contract between Agribusiness United DMCC and Copragri is the corn purchase and sale contract number AUD 716, not the bill of lading upon which Agribusiness United DMCC has relied to demand arbitration. Moreover, Agribusiness United DMCC is not even a party to the bill of lading and thus has no right to demand arbitration against Copragri thereunder.
>
> Furthermore, the purchase contract between Agribusiness United DMCC and Copragri, Contract Number: AUD 716, provides for disputes to be submitted to GAFTA arbitration governed by English law. Thus, Agribusiness United DMCC is/was required to pursue any claims against Copragri before a GAFTA arbitration panel, including any claims for demurrage -- as specifically referenced in Contract Number: AUD 716.

Copragri reiterated its objections on December 10, 2019, and January 21, 2020, in e-mails to Agribusiness and the Arbitrators. The December 10, 2019, e-mail states,

> Agribusiness United DMCC's arbitration demand is invalid and of no force and effect because, as we have previously advised you, the governing contract between Agribusiness United DMCC and Copragri is the corn purchase and sale contract number AUD 716, not any bill(s) of lading. As we also advised you, Agribusiness United DMCC is not even a party to any bill(s) of lading covering the shipment of the cargo and, thus, has no right to demand arbitration against Copragri thereunder. Furthermore, the purchase contract between Agribusiness United DMCC and Copragri, Contract Number: AUD 716, provides for disputes to be submitted to GAFTA arbitration governed by English law. Agribusiness has not disputed these facts.
>
> Thus, the fact that Agribusiness United DMCC is/was required to pursue any claims against Copragri before a GAFTA arbitration panel, including any claims for demurrage -- as specifically referenced in Contract Number: AUD 716, remains indisputable and unchallenged by Agribusiness United DMCC. As well, it remains indisputable and unchallenged that under the GAFTA arbitration rules, Agribusiness United DMCC was required to commence arbitration "not later than one year after . . . the date of completion of final discharge of the ship at port of destination." Accordingly, any claim by Agribusiness United DMCC was time barred almost 5 years ago -- as we have previously advised you and which Agribusiness United DMCC has failed to dispute.

On February 7, 2020, Copragri sent two e-mails to the Arbitrators, objecting to (1) the panel's jurisdiction, (2) possible conflicts of interest among the Arbitrators and (3) the Arbitrators' use of a statement of fact that Agribusiness allegedly prepared.  The second e-mail states,

> In addition to our four prior letters objecting to the unlawful and invalid nature of the purported arbitration proceeding commenced by Agribusiness, we understand that Agribusiness has now served a supposed submission consisting of "Plaintiffs' Statement of Facts and Claim and 10 Exhibits, a signed "verification letter" and "proposed award."  Setting aside the fact that the arbitration proceeding is invalid and unlawful ab initio, Agribusiness's submission utterly fails to comply with the governing arbitration rules.  Most disturbingly, Agribusiness has written a proposed arbitration award, which itself is unethical and unlawful and in violation of the governing arbitration rules.  Thus, on these grounds, in addition to those set forth in its prior objections, Copragri further objects to the arbitration proceeding as violating the substantive and procedural due process rights of Copragri.
>
> As set forth in Copragri's fourth objection to the purported arbitration, we will be [sic] commencing a court action in New York to enjoin the purported arbitration proceeding and will seek to recover all costs and legal fees incurred by Copragri in relation to the invalid and unlawful arbitration.  Accordingly, you are respectfully notified to immediately suspend the arbitration and refrain from any further actions in violation of Copragri's rights.

On June 15, 2020, the Arbitrators issued the Award in the amount of USD 208,300.00.  The Award neither addresses Copragri's five objections nor mentions the Sales Agreements.   The Award does not address the issues of arbitrability and jurisdiction and does not include any legal citations.

Copragri filed the Petition on July 16, 2020.  On July 23, 2020, Copragri attempted to serve Agribusiness in New York, through CT Corporation Services, which Copragri believed to be the agent for service that Agribusiness last disclosed to the New York Department of State.  Copragri received a letter dated July 24, 2020, from CT Corporation Services, stating that CT Corporation Services was no longer authorized to act for Agribusiness.  Copragri then attempted foreign service on Agribusiness through the Clerk of Court, pursuant to Federal Rule of Civil

Procedure 4(f)(2)(c)(ii); on August 20, 2020, the Clerk of Court mailed the Petition, via Federal Express, to (1) Agribusiness United DMCC Unit No. 2601, Saba 1, Plot No. E3, Jumeirah Lakes Towers, Dubai, United Emirates and (2) Agribusiness United DMCC, 6/F Unit 607 HDS Tower, United Arab Emirates.  Agribusiness did not appear, and on October 1, 2020, the Court issued an Order permitting alternative service of the Petition per Federal Rule of Civil Procedure Rule 4(f)(3) by e-mail to three e-mail accounts that Agribusiness previously used to communicate with Copragri (the "Service Order").  On October 2, 2020, Copragri served the Petition on Agribusiness pursuant to the Service Order.  Copragri did not receive any e-mail error messages or automatic responses.  Agribusiness did not respond.

## II.   DISCUSSION

### A.   Subject Matter Jurisdiction

As a threshold matter, this Court has subject matter jurisdiction under Chapter II of the FAA -- specifically, 9 U.S.C. § 203.  Federal courts have a duty "to inquire into their subject matter jurisdiction *sua sponte*." [1]  *Hermès of Paris, Inc. v. Swain*, 867 F.3d 321, 324 n.3 (2d Cir. 2017); *accord Klein v. Aicher*, No. 19 Civ. 9172, 2020 WL 4194823, at *2 (S.D.N.Y. July 21, 2020), *appeal withdrawn*, No. 20-2775, 2020 WL 8575591 (2d Cir. Oct. 29, 2020).  Chapter I of

---

[1] The exercise of personal jurisdiction over Defendant is proper here.  "Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006).  Through the bills of lading Defendant consented to arbitration in this district -- specifically, arbitration by the SMA in New York, New York.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (explaining that "before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction," but noting that the Second Circuit has "left open the question whether a district court must investigate its personal jurisdiction over [a] defendant," and further that, "when a defendant has . . . consented . . . to the jurisdiction of the court," the court should not raise personal jurisdiction *sua sponte*); *accord Prince v. Gov't of People's Republic of China*, No. 13 Civ. 2106, 2019 WL 2121689, at *2 (S.D.N.Y. May 15, 2019).

the FAA, 9 U.S.C. §§ 1-16, does not "independently confer subject matter jurisdiction on the federal courts." *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009); *accord SSI (Beijing) Co. Ltd. v. Prosper Bus. Dev. Corp.*, No. 18 Civ. 8408, 2020 WL 6323938, at *6 (S.D.N.Y. July 30, 2020), *report and recommendation adopted*, No. 18 Civ. 8408, 2020 WL 5253515 (S.D.N.Y. Sept. 3, 2020).  "[T]here must be an independent basis of jurisdiction before a district court may entertain petitions to confirm or vacate an award under the FAA." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2010) (alteration in original) (internal quotation marks omitted); *accord WJ Holding Ltd. v. Shireen Mar. Ltd.*, No. 20 Civ. 1068, 2020 WL 7407940, at *7 (E.D.N.Y. Nov. 25, 2020), *report and recommendation adopted*, No. 20 Civ. 1068, 2020 WL 7404433 (E.D.N.Y. Dec. 17, 2020).

Here, the Court has subject matter jurisdiction under 9 U.S.C. § 203.[2]  Section 203 "provides federal jurisdiction over actions to confirm or vacate an arbitral award that is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention")." *Scandinavian Reinsurance Co.*, 668 F.3d at 71; *accord SSI (Beijing) Corp. Ltd.*, 2020 WL 6323938 at *6.  The Convention applies because both Copragri, a citizen of Morocco, and Agribusiness, a citizen of the United Arab Emirates, are foreign entities.[3]  9

---

[2] Copragri contends that this Court has admiralty jurisdiction under 28 U.S.C. § 1333.  A party alleging maritime jurisdiction pursuant to 28 U.S.C. § 1333(1) must satisfy a two-part test comprised of 'conditions both of location and connection with maritime activity.'" *Sea Trade Mar. Corp. v. Coutsodontis*, No. 09 Civ. 488, 2012 WL 3594288, at *4 (S.D.N.Y. Aug. 16, 2012) (citing *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).  Specifically, a court must determine "whether the tort occurred on navigable waters or whether injury suffered on land was caused by a vessel on navigable water." *Id.* at *4.  The record provides insufficient facts to make this determination.

[3] Pursuant to 9 U.S.C. § 202, "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a

U.S.C. § 202; *see also Scandinavian Reinsurance Co.*, 668 F.3d at 71 (finding jurisdiction based on § 203 where petitioner was a foreign corporation). In addition, because the Award was entered by the SMA in New York, New York, the domestic provisions of the FAA apply. *Id.* (explaining that where an award was "entered in the United States, [] the domestic provisions of the FAA [] apply, as is permitted by Articles V(1)(e) and V(2) of the New York Convention"). As a result, the governing provision of the FAA is § 10, which provides that a petition to vacate an arbitral award may be made in "the United States Court in and for the district wherein the award was made." The Court has subject matter jurisdiction over this action.

      **B.**      **Vacatur of the Award**

The Award is vacated because the arbitrators acted outside of the scope of their authority and disregarded the law on arbitrability and jurisdiction. A district court should treat an unanswered petition to vacate an arbitration award "as an unopposed motion for summary judgment." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *accord Carroll v. Wells Fargo Clearing Servs., LLC*, No. 20 Civ. 4918, 2021 WL 634721, at *2 (S.D.N.Y. Feb. 17, 2021). "The role of a district court in reviewing an arbitration award is narrowly limited" and arbitral "determinations are accorded great deference under [federal law]." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (internal citation and quotation marks omitted); *accord Walton Ave. Assocs., LLC v. Bragg as Tr. of 3s BJ North Health Fund*, No. 19 Civ. 10245, 2020 WL 6807353, at *2 (S.D.N.Y. Nov. 18, 2020).

---

transaction, contract, or agreement described in section 2 of this title, falls under the Convention." Further, 9 U.S.C. § 2 governs, "written provision[s] in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction."

Section 10 of the FAA provides for four limited circumstances in which a district court may vacate an arbitral award, including "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10.  In determining whether arbitrators have exceeded or imperfectly executed their powers, the question is "whether the arbitrator had the power . . . to reach a certain issue, not whether the arbitrator correctly decided that issue."  *Jock v. Sterling Jewelers Inc.*, 942 F.3d 617, 622 (2d Cir. 2019), *cert. denied*, 141 S. Ct. 255 (2020).  Under this deferential standard, when parties,

> bargain [] for [an] arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits.  Only if the arbitrator acts outside the scope of his contractually delegated authority -- issuing an award that simply reflects his own notions of economic justice rather than drawing its essence from the contract -- may a court overturn his determination.

*Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (internal quotation marks and citations omitted); *accord Jock*, 942 F.3d at 622.  In addition, a "court may set aside an arbitration award if it was rendered in manifest disregard of the law," including "where the arbitrator's award is in manifest disregard of the terms of the [parties' relevant] agreement."  *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 109 (internal citations and quotation marks omitted).[4]  "Vacatur is only warranted . . . 'when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own

---

[4] The Second Circuit has explained that "it is somewhat unclear whether the 'manifest disregard' paradigm constitutes an independent framework for judicial review . . . or a 'judicial gloss' on the FAA's enumerated grounds in section 10(a) . . . But because [the Second Circuit] has concluded that manifest disregard remains a valid ground for vacating arbitration awards" it does not matter whether it is "applied as judicial gloss or as an independent basis."  *Weiss*, 939 F.3d at 109.

8

brand of industrial justice.'" *Id*. (citing *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)).

First, the Award is vacated because the Arbitrators exceeded their authority by issuing the Award. "'Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Metro. Life Ins. Co. v. Bucsek*, 919 F.3d 184, 190 (2d Cir.), *cert. denied*, 140 S. Ct. 256 (2019) (quoting *AT&T Techs, Inc. v. Comms. Workers of America*, 475 U.S. 643, 648 (1986)). "Where . . . the arbitral decision lacks 'any contractual basis' for its determination such that the decision 'could not have been based on a determination regarding the parties' intent,' a court may vacate the arbitrator's decision." *Incredible Foods Group, LLC v. Unifoods, S.A. de C.V.*, No. 14 Civ. 5207, 2015 WL 5719733 at *4 (E.D.N.Y. Sept. 29, 2015), *aff'd*, No. 14 Civ. 5207, 2015 WL 13742422 (E.D.N.Y. Oct. 2, 2015) (quoting *Oxford Health Plans LLC*, 569 U.S. at 571). There is no contractual basis for subjecting Copragri to SMA arbitration.[5] Corpragri consented to arbitration of disputes arising from the Sales Agreements pursuant to GAFTA rules, under English Law. While the bills of lading that the Vessel master issued to Agribusiness provide for SMA arbitration, Copragri is not a party to the bills of lading and did not consent to arbitration in New York, by the SMA, under United States law.

Second, the Award is vacated because the Arbitrators did not address Copragri's five objections and rendered the Award in manifest disregard of the law. An award is rendered in manifest disregard of the law, when "'the arbitrator knew of the relevant

---

[5] Because there is no contractual basis subjecting Copragri to SMA arbitration, this decision does not address whether Agribusiness's indemnity claim was arbitrable.

[legal] principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it.'" *Kuczynski v. Viad Corp.*, No. 19 Civ. 226, 2019 WL 6216689, at *5 (D. Conn. Nov. 21, 2019) (quoting *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 217 (2d Cir. 2002).  Copragri sent e-mails to the Arbitrators informing them that (1) the Sales Agreements governed the parties' relationship; (2) the Sales Agreements provided for arbitration pursuant to GAFTA 125 Arbitration Rules, under English law; and (3) under GAFTA arbitration rules, Agribusiness was required to commence arbitration "not later than one year after . . . the date of completion of final discharge of the ship at port of destination."  As a result, the Arbitrators were aware Copragri disputed arbitrability and SMA's jurisdiction and further, because it had been more than six years since the final discharge of the Vessel, that these issues could be outcome determinative.  Despite Copragri's five objections, the Arbitrators did not analyze or even address the issues of jurisdiction and arbitrability in the Award.  This failure to acknowledge these issues constitutes a manifest disregard for the law, which alone is grounds for vacating the Award.  *Compare Magin v. Waldman*, No. 19 Civ. 11516, 2020 WL 4891218, at *6 (S.D.N.Y. Aug. 19, 2020), *reconsideration denied*, No. 19 Civ. 11516, 2020 WL 7047758 (S.D.N.Y. Dec. 1, 2020) (vacating an arbitral award of attorneys' fees where it was "undisputed that [] no statute or rule [] justified an award of fees")*, with Am. Univ. of Antigua Coll. of Med. v. Leeward Const. Co., Ltd.*, No. 14 Civ. 8410, 2015 WL 1958971, at *6 (S.D.N.Y. May 1, 2015), *aff'd sub nom. Am. Univ. of Antigua–College of Med. v. Leeward Constr. Co., Ltd.*, 653 F. App'x 48 (2d Cir. 2016) (declining to find manifest disregard of the laws of res judicata and contractual waiver where the petitioner claimed

the tribunal ignored these issues but the tribunal's decision "explicitly rejected applying them on the grounds that [petitioner's] arguments were unpersuasive").

## III. CONCLUSION

For the reasons stated above, the Petition is GRANTED. The Clerk of Court is respectfully directed to close the case.

Dated: March 15, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**